UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DAVID GOODYKOONTZ, | : | Case No. 1:24-cv-145 |
| | : | |
| Plaintiff, | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| STATE OF OHIO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution (WCI), in Lebanon, Ohio, has filed an amended civil rights complaint,[1] naming the State of Ohio as the sole defendant. The Court construes the pro se amended complaint as bringing claims under 42 U.S.C. §§ 1983, 1985, 1986; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Rehabilitation Act);[2] the Religious Land Use and Institutionalized Persons Act (RLUIPA); various federal criminal statutes; and Ohio state law. (Doc. 10). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 3).

This matter is currently before the Court for a s*ua sponte* review of the amended

---

[1]In a March 27, 2024 Order, the Court directed plaintiff to file an amended complaint setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. In response, plaintiff filed two, nearly identical complaints. (Docs. 9; 10). Of the two pleadings, only the later-in-time submission (Doc. 10) is signed. Accordingly, the Court construes the amended complaint filed as Document 10 as superseding both earlier versions of the complaint (Docs. 1; 9) and to be the operative complaint in this action. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted). *See also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.").

[2]The Rehabilitation Act provides that: "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794.

complaint (Doc. 10) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b)

## Plaintiff's Amended Complaint

### A. Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under, in relevant part, § 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.    Allegations**

The allegations in plaintiff's amended complaint span plaintiff's pretrial incarceration at the Cuyahoga County Corrections Center (CCCC), his underlying Cuyahoga County criminal proceedings, time he spent at "North Coast Behavioral Health," and his incarceration in the following five Ohio Department of Rehabilitation and Correction (ODRC) prisons—the Correctional Reception Center (CRC), Noble Correctional Institution (NCI), Lorain Correctional Center (LORCI), Madison Correctional Institution (MaCI), and WCI. Liberally construing the

3

amended complaint, *see Erickson*, 551 U.S. at 94, the Court understands plaintiff to be bringing the following twenty groups of claims against the State of Ohio.

  1. Plaintiff brings his first group of claims against the State of Ohio under 42 U.S.C. §§ 1985(1) and 1986. Plaintiff alleges that he is a federal agent and an informant for the State of Ohio but the State has failed to protect him from harm "due to not having absolute proof of his status" and to having "a culture and custom that promoted . . . corruption, bribery, intimidating agents, rigging of elections, mistreating people who are accused of sex crimes involving children and allowing others to do so, and policies such as judicial discretion and discretion of PC [Protective Custody] placement and security levels." (Doc. 10, at PageID 194-95). Plaintiff alleges that he "was assaulted at least 12 times so far in ODRC, and twice in Cuyahoga," "has a broken rib," and was forced to take unwanted medication at North Coast Behavioral Health and "Cuyahoga County." (*Id*. at PageID 195).

  2. Plaintiff brings his second group of claims against the State of Ohio under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §§ 1589; 1595; 2255. (Doc. 10, at PageID 195). He alleges that he was forced to work as an informant "while he was a minor in or around 2001 and 2002," was "kidnapped and put through a fake legal trial in Cuyahoga County," "ha[d] his children, who were born when plaintiff was very underage, hidden from him," "was threatened into working for [t]he City of Lakewood," and was "coerced to staying in the area of Cleveland where he was assaulted and robbed multiple times." (Doc. 10, at PageID 196).

  3. Plaintiff brings his third group of claims against the State of Ohio under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1; 2000cc-2. He asserts the State has "limit[ed] purchases of religious items to those who are

4

identified as practicing a particular religion . . . and not mixed belief individuals as plaintiff is." (Doc. 10, at PageID 196).

4. Plaintiff brings his fourth group of claims against the State of Ohio under § 1985(2). He alleges that "defendant actors conspired to injure him on account of him assisting others to enforce their rights, including but not limited to, minor victims." (Doc. 10, at PageID 196). According to plaintiff, the "[c]onspiracies originated in or around 2002 and were effectuated in or around 2022-2024." (*Id.*).

5. Plaintiff brings his fifth group of claims against the State of Ohio under § 1985(3). Plaintiff alleges that "state actors conspired to deprive him of his rights by having him assaulted while incarcerated from 2022-2024, in or around 2002 while conversing with plaintiff and others regarding various events." (Doc. 10, at PageID 197). Plaintiff asserts "those conspiracies were based, in whole or in part, on plaintiff being a mixed Native American, gay, first generation federal agent." (*Id.*).

6. Plaintiff brings his sixth group of claims against the State of Ohio under 42 U.S.C. § 1983. Plaintiff alleges cruel and unusual punishment under the Eighth and Fourteenth Amendments based on a long, rambling list of alleged unconstitutional conditions of confinement at multiple facilities, including North Coast Behavioral Health, CCCC, NCI, and CRC. (Doc. 10, at PageID 197-200).

7. Plaintiff brings his seventh group of claims against the State of Ohio under the following Ohio and federal statutes: Ohio Rev. Code §§ 2307.60; 2903.11; 2903.12; 2905.01; 2905.02; 2925.03; 2905.11; 2905.12; 2905.32; 2907.21; 2907.22; 2913.02; 2913.42; 2921.02; 2921.12; 2921.41; 2921.43; 2923.32; 2923.34; 2925.03; 18 U.S.C. §§ 798; 1343; 1512; 1513; 1589; 1590; 1831; 1832; 1956; 1964. Plaintiff alleges a "failure to enter plaintiff into PC despite

him being a federal agent and having issues with gangs," "trafficking," "sending plaintiff to LorCI, CRC, NCI and WCI in order to further . . . forced labor," "extortion," and "felonious assault." (Doc. 10, at PageID 201).

8. Similar to his second group of claims, plaintiff brings his eighth group of claims against the State of Ohio under §§ 1589 through 1595 of the TVPRA for alleged forced labor. (Doc. 10, at PageID 203-04).

9. Plaintiff brings his ninth group of claims against the State of Ohio for alleged breach of "contracts that were agreed upon in or around 2002." (Doc. 10, at PageID 204).

10. Plaintiff brings his tenth group of claims against the State of Ohio under § 1983 for alleged retaliation in violation of the First Amendment for filing grievances and reporting threats at CCCC and NCI. (Doc. 10, at PageID 204-05).

11. Plaintiff brings his eleventh group of claims against the State of Ohio under § 1983 for alleged denial of access to the courts in violation of the First Amendment due to "unnecessary library closures" and "there being only one hour per week normally available." (Doc. 10, at PageID 205). Plaintiff alleges that "his appeal to the supreme court, petition, and reopening were delayed" and that he has had "difficulty keeping up with this suit as well." (*Id.*)

12. Plaintiff brings his twelfth group of claims against the State of Ohio for alleged discrimination "on the basis of disability and sex, for refusal to hire him as a groundskeeper, or any other job due to his specific crimes or tickets." (Doc. 10, at PageID 205). Plaintiff alleges that "[t]he tickets were specifically Tourette's and mental disability related[.]" (*Id.*).

13. Plaintiff brings his thirteenth group of claims against the State of Ohio for alleged hazing in violation of various Ohio statutes. (Doc. 10, at PageID 205).

14. Plaintiff brings his fourteenth group of claims against the State of Ohio under various Ohio statutes for alleges inmate abuse while he was at North Coast Behavioral Health. (Doc. 10, at PageID 205-06).

15. Plaintiff brings his fifteenth group of claims against the State of Ohio for alleged sex discrimination "for failing to allow male inmates to purchase certain products, including but not limited to, makeup from sundry boxes." (Doc. 10, at PageID 206).

16. Plaintiff brings his sixteenth group of claims against the State of Ohio for alleged medical malpractice at North Coast Behavioral Health and the ODRC relating to the prescription of medication. (Doc. 10, at PageID 206).

17. Plaintiff brings his seventeenth group of claims against the State of Ohio under Ohio state law "for falsification by lying in RIB proceeding." (Doc. 10, at PageID 207).

18. Plaintiff brings his eighteenth group of claims against the State of Ohio under 29 U.S.C. §§ 794 and 794a "for discriminating against him, and failing to accommodate his requests for, including but not limited to, contacts for nausea and getting dizzy from glasses, a lower bunk for his bone spur, plantar fasciitis and Tourette's, and a single man cell assignment for his Tourette's or verbal and physical tics and outbursts otherwise." (Doc. 10, at PageID 207-08).

19. Plaintiff brings his nineteenth group of claims against the State of Ohio under various Ohio statutes for allegedly failing to protect him from assault. (Doc. 10, at PageID 208).

20. Plaintiff brings his twentieth group of claims against the State of Ohio under various Ohio statutes for "trying to get plaintiff to sign a paper stating he did not feel threatened in a pod where he had been assaulted in." (Doc. 10, at PageID 208).

Plaintiff seeks monetary damages in an amount "not less than[] three billion seven hundred fifty million dollars" as well as injunctive and declaratory relief. (Doc. 10, at PageID 208-12).

**ANALYSIS**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes, in an abundance of caution, that plaintiff may proceed for further development at this juncture on his twelfth and eighteenth groups of claims against the State of Ohio to the extent that he alleges that he is being discriminated against at WCI in job opportunities based on his "Tourette's and mental disability" and/or denied accommodations at WCI in violation of the Rehabilitation Act,[3] but only to the extent that he seeks compensatory damages, injunctive relief, and/or declaratory relief.[4] However, for the reasons below, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**Rehabilitation Act Claims at Other Facilities**

As an initial matter, although the Court is permitting plaintiff to proceed at this juncture on his Rehabilitation Act claims arising out of alleged actions at WCI, any Rehabilitation Act claims that he may be asserting based on alleged actions at CCCC, North Coast Behavioral Health, LORCI, CRC, NCI or MaCI should be dismissed without prejudice. CCCC, North Coast Behavioral Health, and LORCI are located in the Northen District of Ohio. CRC, NCI, and MaCI are located in this Court's Eastern Division. "Presumably, records . . . as to events that

---

[3]Because the Rehabilitation Act is the only federal disability discrimination statute pled in plaintiff's amended complaint, the Court understands each of his disability-discrimination claims to be pled under the Rehabilitation Act.

[4]The Court advises plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is the defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-CV-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

occurred in those facilities can be found in those judicial districts. Without more, venue as to such claims therefore would exist in those districts but likely would not exist in this district." *Clemons v. Wexford Health Sources*, No. 20 C 50330, 2020 WL 13816796, at *4 (N.D. Ill. Oct. 5, 2020). Furthermore, "generally, claims regarding events in different [facilities] should be brought in separate lawsuits in the appropriate judicial district." *Id.* Accordingly, the Court should dismiss without prejudice any Rehabilitation Act claims in the twelfth and eighteenth groups of claims that plaintiff may be asserting based on alleged actions at CCCC, North Coast Behavioral Health, LORCI, CRC, NCI or MaCI. *See id*.; *see also* Fed. R. Civ. P. 20(a)(2); 21.

### Punitive Damages

Next, to the extent that plaintiff seeks punitive damages as to his Rehabilitation Act claims, such damages are unavailable and any claims for punitive damages under the Rehabilitation Act should be dismissed. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002).[5]

### Sovereign Immunity

The State of Ohio is immune from plaintiff's claims under 42 U.S.C. §§ 1983; 1985; and 1986. Under the Eleventh Amendment to the United States Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 124 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts,

---

[5]At this time, the Court expresses no opinion as to the applicability of sovereign immunity to plaintiff's Rehabilitation Act claims to the extent that plaintiff seeks compensatory damages. *See, e.g.*, *Meeks v. Schofield*, No. 3:12-MC-00035, 2012 WL 1934416, at *3 (M.D. Tenn. May 29, 2012) (allowing Rehabilitation Act compensatory damages claims to proceed at the screening stage).

see *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985), and *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). Furthermore, Congress did not intend to override the traditional sovereign immunity of states by enacting §§ 1983; 1985; or 1986. *Whittington v. Milby,* 928 F.2d 188, 193–94 (6th Cir.1991) (citing *Quern v. Jordan,* 440 U.S. 332, 341 (1979)); *see also Ferritto v. Ohio Dep't of Highway Safety,* No. 90–3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). *Cf. Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000) (sovereign immunity bars § 1985(3) and 1986 claims against the United States). Plaintiff's first, fourth, fifth, sixth, tenth, eleventh, and fifteenth groups of claims, as well as the part of his twelfth group of claims that alleges sex discrimination, are therefore subject to dismissal.[6]

      Similarly, the State of Ohio is immune from plaintiff's claims under RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (finding that acceptance of federal funds by states does not waive sovereign immunity to RLUIPA claims); *Spearman v. Michigan*, No. 1:18-cv-463, 2018 WL 2315786, at *5-6 (W.D. Mich. May 22, 2018) (dismissing the plaintiff's RLUIPA claims against the State of Michigan on immunity grounds); *Cardinal v. Metrish,* 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Plaintiff's third group of claims are therefore subject to dismissal.

---

[6]Because plaintiff does not assert any other basis for his sex-discrimination claims asserted in his twelfth and fifteenth groups of claims, the Court understands them to raise § 1983 Fourteenth Amendment's Equal Protection Clause claims. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.' ") (footnote omitted).

The doctrine of sovereign immunity likewise bars plaintiff's state-law claims against the State of Ohio in federal Court. *Tolliver v. Noble*, No. 2:16-cv-1020, 2020 WL 4260950, at *3 (S.D. Ohio July 24, 2020*), report and recommendation adopted sub nom. Tolliver v. Nobel*, 2021 WL 210450 (S.D. Ohio Jan. 21, 2021) (citing *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (en banc) (in turn citing *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)) ("And because the purposes of *Ex parte Young* do not apply to a lawsuit designed to bring a State into compliance with state law, the States' constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature."). Plaintiff's ninth, thirteenth, fourteenth, sixteenth, seventeenth, nineteenth, and twentieth groups of claims are therefore subject to dismissal. The state-law claims asserted in plaintiff's seventh and eighth groups of claims should also be dismissed.

### Claims under the TVPRA

In his second group of claims, plaintiff seeks to raise claims under 18 U.S.C. §§ 1589; 1595; and 2255. Plaintiff has failed to state a claim upon which relief can be granted under these statutes. The TVPRA is a criminal statute that prohibits forced labor. *See* 18 U.S.C. § 1589. Although § 1589 is a criminal statutes, the TVPRA permits civil remedies. *See* 18 U.S.C. §§ 1595; 2255. *See also Cleveland v. Dripping Springs Indep. Sch. Dist.*, No. 1:19-cv-1256, 2020 WL 10054501, at *2 (W.D. Tex. June 24, 2020), *report and recommendation adopted,* No. 2020 WL 10054587 (W.D. Tex. July 15, 2020) (noting that "the TVPRA permits civil remedies"). However, the amended complaint does not contain allegations from which the Court can plausibly infer that he is the victim or that the State of Ohio is the perpetrator of a violation of § 1589. Plaintiff's second group of claims is therefore subject to dismissal.

Likewise, in his seventh and eighth groups of claims, plaintiff seeks to raise claims under 18 U.S.C. §§ 1589 for forced labor; 1590 for trafficking with respect to peonage, slavery, involuntary servitude, or forced labor; 1591 for sex trafficking of children or by force, fraud, or coercion; and 1592 for unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor. (*See* Doc. 10, at PageID 203) (asserting, generally, violations of 18 U.S.C. §§ 1589 through 1595). As with plaintiff's second group of claims, because the amended complaint does not contain allegations from which the Court can plausibly infer that plaintiff is the victim or that the State of Ohio is the perpetrator of a violation of any provision of the TVPRA, the TVPRA claims asserted in plaintiff's seventh group of claims and plaintiff's eighth group of claims in their entirety are subject to dismissal.

### Other Federal Criminal Statutes

In his seventh group of claims, plaintiff also seeks to raise claims under 18 U.S.C. §§ 798; 1343; 1512; 1513; 1831; 1832; 1956; 1964. Generally, private citizens cannot enforce criminal statutes. *See, e.g., Marshall v. Howard*, No. 3:06-cv-354, 2007 WL 952076, at *2 (W.D. Ky. Mar. 26, 2007). There is no private right of actions under §§ 798; 1343; 1512; 1513; 1831; 1832; or 1956. *See, e.g., Manners v. Pence*, No. 621CV01272, 2022 WL 2782743, at *1 (W.D. Tex. Feb. 2, 2022), *report and recommendation adopted,* No. W-21-CV-01272, 2022 WL 2782649 (W.D. Tex. Apr. 5, 2022) ("Section 798 of Title 18 is a criminal statute that provides no private right of action, and thus Plaintiff cannot enforce this statute in the present civil case."); *Vest Safety Med. Servs., LLC v. Arbor Env't, LLC*, No. CV H-20-0812, 2020 WL 4003642, at *3 (S.D. Tex. July 15, 2020) (no private right of action under 18 U.S.C. § 1832); *Rogers v. LJT Assocs. Inc.*, GLR-14-2823, 2015 WL 11027599, at *3 n.4 (D. Md. April 21, 2015) (no private right of action under 18 U.S.C. § 1831); *Black v. Mt. Pleasant Tennessee Police Dep't*, No. 1-14-

cv-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (no private right of action under §§ 1512 or 1513); *Anderson v. Ballou*, No. CIV. 12-70, 2012 WL 3027679, at *3 (E.D. Ky. July 24, 2012), a*ff'd,* No. 12-5990 (6th Cir. Jan. 25, 2013) ("With regard to Anderson's § 1343 claim, the Sixth Circuit has held that there is no private right of action under § 1343."); *Schwartz v. F.S. & O. Assocs., Inc.*, Civ. No. 90-1606, 1991 WL 208056, at *3 (S.D.N.Y. Sept. 27, 1991) ("[V]iolations of 18 U.S.C. §§ 1952, 1956 & 1957 do not create private rights of action").

Further, plaintiff has failed to state a plausible RICO claim under § 1964 against the State of Ohio. *See Miles v. Richland Corr. Inst.*, No. 1:14-cv-01648, 2015 WL 366898, at *4 (N.D. Ohio Jan. 27, 2015) ("Under the 'non-identity' or 'distinctness' requirement of RICO, an entity may not be liable . . . for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members."). Plaintiff's remaining claims in the seventh group of claims are therefore subject to dismissal.

Accordingly, in sum, plaintiff may proceed for further development at this juncture on his twelfth and eighteenth groups of claims against the State of Ohio to the extent that he alleges that he is being discriminated against at WCI in job opportunities based on his "Tourette's and mental disability" and/or denied accommodations at WCI in violation of the Rehabilitation Act, but only to the extent that he seeks compensatory damages, injunctive relief, and/or declaratory relief. However, for the above-stated reasons, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted, **with the exception of** his twelfth and eighteenth groups of claims against the State of Ohio to the extent that he alleges that he is being discriminated against at WCI in job

13

opportunities based on his "Tourette's and mental disability" and/or denied accommodations at WCI in violation of the Rehabilitation Act, but only to the extent that he seeks compensatory damages, injunctive relief, and/or declaratory relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). The Court's **DISMISSAL** of any Rehabilitation Act claims in the twelfth and eighteenth groups of claims that plaintiff may be asserting based on alleged actions at CCCC, North Coast Behavioral Health, LORCI, CRC, NCI or MaCI should be **WITHOUT PREJUDICE**. Likewise, the **DISMISSAL** of plaintiff's claims under 42 U.S.C. §§ 1983; 1985; and 1986; RLUIPA; and Ohio state law based on sovereign-immunity grounds should be **WITHOUT PREJUDICE**. However, the **DISMISSAL** of plaintiff's remaining claims, which seek punitive damages under the Rehabilitation Act or are asserted under various federal criminal statutes, including the TVPRA, should be **WITH PREJUDICE**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed for further development at this juncture on his claims against the State of Ohio to the extent that he alleges that he is being discriminated against at WCI in job opportunities based on his "Tourette's and mental disability" and/or denied accommodations at WCI in violation of the Rehabilitation Act, but only to the extent that he seeks compensatory damages, injunctive relief, and/or declaratory relief.

2. The United States Marshal shall serve a copy of the Amended Complaint (Doc. 10), summons (Doc. 1-3), and this Order and Report and Recommendation upon the attorney general of [the] state . . . ." *See* Ohio Civ. R. 4.2(K); *see also* Fed. R. Civ. P. 4(j)(2).

3. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

### PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 14, 2024

KAREN L. LITKOVITZ
United States Magistrate Judge