UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID GOODYKOONTZ,            Case No. 1:24-cv-145
    Plaintiff,                                Barrett, J.
                                                      Litkovitz, M.J.
    vs.

STATE OF OHIO,                            **ORDER**
    Defendant.

        This matter is before the Court on plaintiff's motion asking the Court to proceed with his lawsuit (Doc. 13) and his motion to seal all documents in this case (Doc. 15). Plaintiff appears to have filed the first motion before his receipt of the Court's Order and Report and Recommendation (Doc. 11) (issued one day prior to his motion), which allowed certain of plaintiff's claims to proceed and recommended dismissal of others. As such, plaintiff's first motion (Doc. 13) is **DENIED as moot**.

        In plaintiff's second motion, he asks the Court to seal all of the documents in the case because he is an "undercover agent" and wants to limit access to information about his "cooperation with the federal government. . . ." (Doc. 15). Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir.

2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81).  The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects.  *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."  *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305).  The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

The Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ."  *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179).  In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ."  *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

Plaintiff's motion does not meet the standard set forth above.  To be granted the relief sought, plaintiff must file a motion explaining, with specificity, why particular documents should

be sealed pursuant to the factors articulated by the Sixth Circuit in *Shane Group*. There is a heavy burden associated with overcoming the presumption of openness; the proponent of sealing must justify its position document-by-document with reference to specific reasons and/or legal citations. *Shane Grp.*, 825 F.3d at 305-06.

For the foregoing reasons, plaintiff's motion to seal (Doc. 15) is **DENIED**.

**IT IS SO ORDERED**.

Date: 10/28/2024

Karen L. Litkovitz
Chief United States Magistrate Judge