UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Goodykoontz,

    Plaintiff,

        v.                          Case No. 1:24cv145

State Of Ohio,                          Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's September 16, 2024 Order and Report and Recommendation ("R&R"). (Doc. 11). Plaintiff filed objections to the R&R. (Doc. 16).

### I.    BACKGROUND

Plaintiff is a prisoner at Warren Correctional Institution ("WCI"). He brings his claims *pro se*. The Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge liberally construed Plaintiff's Amended Complaint as bringing twenty groups of claims against the State of Ohio. These claims stem from Plaintiff's pretrial incarceration at the Cuyahoga County Corrections Center ("CCCC"), his underlying criminal proceedings, the time he spent at "North Coast Behavioral Health," and his incarceration at the Correctional Reception Center ("CRC"), Noble Correctional

Institution ("NCI"), Lorain Correctional Center ("LORCI"), Madison Correctional Institution ("MaCI"), and WCI.

The Magistrate Judge ordered that Plaintiff may proceed on his twelfth and eighteenth groups of claims against the State of Ohio to the extent that he alleges that he is being discriminated against at WCI in job opportunities based on his "Tourette's and mental disability" and/or denied accommodations at WCI in violation of the Rehabilitation Act, but only to the extent that he seeks compensatory damages, injunctive relief, and/or declaratory relief.  (Doc. 11, PAGEID 227).  The Magistrate Judge recommended that all remaining claims should be dismissed for improper venue or failure to state a claim upon which relief can be granted.  Plaintiff objects to the dismissal of these claims.

## II.    ANALYSIS

### A. Standard of review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.; *see also* 28 U.S.C. § 636(b)(1).  However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

This Court can dismiss an *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989). Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B. <u>Rehabilitation Act</u>**

The Magistrate Judge recommends that any Rehabilitation Act claims based on alleged actions at CCCC, North Coast Behavioral Health, LORCI, CRC, NCI or MaCI should be dismissed without prejudice. The Magistrate Judge explains that CCCC, North Coast Behavioral Health and LORCI are located in the Northen District of Ohio; and CRC, NCI, and MaCI are located in this Court's Eastern Division. The Magistrate Judge explains further that venue is proper in those courts.

Plaintiff objects to the dismissal of claims related to actions in both the Southern and Northern Districts of Ohio because forcing plaintiffs to file lawsuits against the same defendants in more than one venue is wasteful.

As the Sixth Circuit has explained:

> Venue is proper in (1) a judicial district in which any defendant resides if all defendants are residents of the state in which the district is located, (2) a

> judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) in any judicial district in which any defendant is subject to the court's personal jurisdiction if there is otherwise no district in which an action may be brought. 28 U.S.C. § 1391(b).  When a case is filed in the wrong venue, a district court shall dismiss the case or, if the interests of justice require, transfer the case to a district or division where it could have been brought. 28 U.S.C. § 1406(a).

*Emrit v. Jules*, No. 23-1722, 2024 WL 533340, at *1 (6th Cir. Jan. 5, 2024).  "[C]ourts have upheld sua sponte dismissals on IFP screening where the lack of venue is obvious from the complaint and the plaintiff has had an opportunity to be heard on the issue." *Shaik v. Finnegan*, No. 24-12427, 2025 WL 1181787, at *4 (E.D. Mich. Apr. 23, 2025) (citing cases).

Here, Plaintiff had the opportunity to respond to the Magistrate Judge's R&R in his objections.  The Court concludes that the interests of justice do not require transferring the claims to the Northern District of Ohio and this Court's Eastern Division.  Plaintiff's only basis for filing all his claims in one court is his own convenience.  Therefore, the Court finds no error in the Magistrate Judge's recommendation to dismiss without prejudice any Rehabilitation Act claims in the twelfth and eighteenth groups of claims that Plaintiff may be asserting based on alleged actions at CCCC, North Coast Behavioral Health, LORCI, CRC, NCI or MaCI.

### C. Punitive damages

The Magistrate Judge recommends that any claim for punitive damages under the Rehabilitation Act be dismissed because such damages are unavailable.

Plaintiff objects to the dismissal of any punitive damages under the Rehabilitation act, arguing that punitive damages are available against government entities.

The Sixth Circuit has held that punitive damages are not available under the

Rehabilitation Act. *Moreno v. Consol. Rail Corp.*, 99 F.3d 782, 791 (6th Cir. 1996) ("The repeated enactment of amendments to the Rehabilitation Act without altering the existing understanding that punitive damages were not available under § 504 is a pretty clear indication, we think, that Congress did not intend to allow such damages."). Therefore, the Court finds no error in the Magistrate Judge's recommendation to dismiss Plaintiff's claim for punitive damages under the Rehabilitation Act.

D. **Sovereign immunity**

The Magistrate Judge explains that Plaintiff's first, fourth, fifth, sixth, tenth, eleventh, and fifteenth groups of claims, as well as the part of his twelfth group of claims which allege sex discrimination are barred by Eleventh Amendment sovereign immunity. The Magistrate Judge explains further that the State of Ohio is immune from Plaintiff's claims under Religious Land Use and Institutionalized Persons Act ("RLUIPA");[1] and the doctrine of sovereign immunity bars Plaintiff's state-law claims against the State of Ohio in federal court.

Plaintiff objects to the dismissal of his claims on the basis of the Eleventh Amendment and sovereign immunity. Plaintiff argues that the State of Ohio waived its sovereign immunity when it entered into a contract with Plaintiff. Plaintiff also argues that the State of Ohio waived its immunity when it established special relationship with Plaintiff. Plaintiff maintains that Ohio "assumed an affirmative duty, by promises and actions, including but not limited to, by incarcerating plaintiff, accepting federal funds,

---

[1] RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison]...unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

entering into a contractual agreement with plaintiff, and employing plaintiff as an informant and as an inmate." (Doc. 16, PAGEID 233). Finally, Plaintiff objects to the dismissal of his RLUIPA claim because the State of Ohio waived sovereign immunity when it received funds for inmates.

Eleventh Amendment immunity precludes suits brought against a State by its own citizens. *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (citing *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004)). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). These exceptions do not apply to Plaintiff's Complaint.

First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Instead, the State of Ohio has "consented to having its liability determined by the state Court of Claims." *Stein v. Kent State Univ. Bd. of Trs.*, 994 F. Supp. 898, 902 (N.D. Ohio 1998) (citing Ohio Rev. Code § 2743.02(A)(1)). Therefore, the Ohio Court of Claims has jurisdiction over any claim for breach of contract which Plaintiff may have. *Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 726 (S.D. Ohio 2012) (explaining that "the State of Ohio has not waived its immunity from suits for money damages, except to the extent that such claims are allowed to be brought in the Court of Claims of Ohio.").

Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304,

105 L.Ed.2d 45 (1989)). Similarly, the Supreme Court has held that RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *Sossamon v. Texas*, 563 U.S. 277, 293, 131 S. Ct. 1651, 1663, 179 L. Ed. 2d 700 (2011).

"Under the third exception, a federal court may enjoin a 'state official' from violating federal law. *Lawson v. Shelby Cnty., TN*, 211 F.3d 331, 335 (6th Cir. 2000) (quoting *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). However, this exception under *Ex Parte Young* applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. "*Ex parte Young* does not allow suits 'against the state itself.'" Stanley, 105 F.4th at 864 (citing *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016)). Therefore, even though Plaintiff is seeking injunctive relief, this remedy is not permitted because Plaintiff has only brought claims against the State of Ohio. As such, the Court finds no error in the Magistrate Judge's recommendation to dismiss these claims without prejudice for lack of jurisdiction. *Accord Stanley*, 105 F.4th at 866 (dismissing claims barred by the Eleventh Amendment without prejudice for lack of subject matter jurisdiction).

### E.  TVPRA and other claims based on alleged forced labor

Plaintiff cites several federal statutes as the basis for his claims stemming from alleged forced labor.

In his second group of claims, Plaintiff claims violations of 18 U.S.C. §§ 1589; 1595; and 2255. The Magistrate Judge concluded that Plaintiff has failed to state a claim upon which relief can be granted under these statutes. Plaintiff has not filed specific objections to the Magistrate Judge's recommendation regarding this recommendation.

This constitutes a waiver of any objections.

In his seventh group of claims, Plaintiff claims violations of 18 U.S.C. §§ 798; 1343; 1512; 1513; 1831; 1832; 1956; and 1964.  The Magistrate Judge explained that in general, private citizens cannot enforce criminal statutes; and there is no private right of actions under §§ 798; 1343; 1512; 1513; 1831; 1832; or 1956.  The Magistrate Judge also explained that Plaintiff failed to state a plausible RICO claim under § 1964 against the State of Ohio.  Plaintiff has not filed specific objections to the Magistrate Judge's recommendation on this point except that he argues that the dismissal of his RICO claim should be without prejudice so he may pursue these claims after he has gathered evidence of his being forced to work as an informant.

A civil RICO claim requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).  As the Magistrate Judge explained, "an entity may not be liable under § 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. An organization cannot join with its own members to undertake regular business activities and thereby become an enterprise distinct from itself." *Miles v. Richland Corr. Inst.*, No. 1:14-CV-01648, 2015 WL 366898, at *4 (N.D. Ohio Jan. 27, 2015).  In other words, the "'person' responsible for violation of the statute must be separate from the alleged criminal enterprise itself." *Palmer v. Nationwide Mut. Ins. Co.*, 945 F.2d 1371, 1373 (6th Cir.1991).  Here, Plaintiff has only identified the State of Ohio as the "enterprise" and "person" engaged in the illegal conduct.  Therefore, even if the Court accepts the factual allegations as true, and construes them in Plaintiff's favor, they do not satisfy the Rule 12(b)(6) pleading

requirement.

### III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's September 16, 2024 R&R (Doc. 11) is **ADOPTED** in its entirety. It is hereby **ORDERED** that:

1. Plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted, with the exception of his twelfth and eighteenth groups of claims against the State of Ohio to the extent that he alleges that he is being discriminated against at WCI in job opportunities based on his "Tourette's and mental disability" and/or denied accommodations at WCI in violation of the Rehabilitation Act, but only to the extent that he seeks compensatory damages, injunctive relief, and/or declaratory relief.

2. Plaintiff's claims under the Rehabilitation Act in the twelfth and eighteenth groups of claims which are based on alleged actions at CCCC, North Coast Behavioral Health, LORCI, CRC, NCI or MaCI are DISMISSED WITHOUT PREJUDICE;

3. Plaintiff's claims under 42 U.S.C. §§ 1983; 1985; and 1986; RLUIPA and Ohio state law are DISMISSED WITHOUT PREJUDICE based on sovereign-immunity grounds; and

4. Plaintiff's remaining claims, which seek punitive damages under the Rehabilitation Act or are asserted under various federal criminal statutes, including the TVPRA are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

                                     */s/ Michael R. Barrett*
                                     Michael R. Barrett
                                     United States District Judge