**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

David Goodykoontz,

Plaintiff,

v.

State Of Ohio,

Defendant.

Case No. 1:24cv145

Judge Michael R. Barrett

**ORDER**

This matter is before the Court upon the Magistrate Judge's February 3, 2026 Order and Report and Recommendation ("R&R"). (Doc. 65). Plaintiff filed objections to the Order and R&R (Doc. 66); and Defendant responded to the objections (Doc. 67).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

## I. Magistrate Judge's February 3, 2026 Order and R&R (Doc. 65)

Plaintiff is a prisoner currently housed at Richland Correctional Institution. He brings his claims *pro se*. On December 1, 2025, this Court adopted—without objection—the Magistrate Judge's November 3, 2025 R&R recommending that Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be denied. (Doc. 55).

Plaintiff then filed his Motion to Reconsider, arguing that his objections—which were entered on the docket on December 2, 2025—were timely filed because he placed his objections in the mail on November 18, 2025. (Doc. 60). The Magistrate Judge found Plaintiff's Motion to be well-taken because under the "mailbox rule" applied in *pro se* prisoner civil actions, Plaintiff timely filed objections to the November 3, 2025 R&R. (Doc. 65, PAGEID 474). The Magistrate Judge recommended that the prior Order adopting the November 3, 2025 R&R (Doc. 55) be vacated and Plaintiff's Motion to Reconsider that Order (Doc. 60) be denied as moot. The Court finds no error in this conclusion and hereby adopts these recommendations in the Magistrate Judge's February 3, 2026 R&R (Doc. 65).

The Magistrate Judge also ordered that Plaintiff's motion to "open discovery for his Rule 59 motion, summary judgment responses, and opposition to magistrate[']s ruling" (Doc. 62) be denied as moot. Plaintiff objects to this ruling and seeks discovery related to the summary judgment motions. (Doc. 66). However, the Magistrate Judge previously denied Plaintiff's request to extend the discovery deadline because Plaintiff failed to exercise due diligence as required under Federal Rule of Civil Procedure 16(b)(4). (Doc. 41, PAGEID 343). The Court finds no error in the Magistrate Judge's Order which once

again denies Plaintiff's request to open discovery. As the Magistrate Judge previously explained, the discovery deadline passed and Plaintiff waited six weeks to request an extension of the deadline. (Doc. 41, PAGEID 342). "Rule 16 permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014). Plaintiff has not presented any justification for his delay, but merely states that he needs discover "to further defend against defendant." (Doc. 66, PAGEID 476). Therefore, the Court finds no error in the Magistrate Judge's February 3, 2026 Order denying Plaintiff's Motion to Open Discovery. Plaintiff's objections to the Order are OVERRULED.

## II. <u>Magistrate Judge's November 3, 2025 Order and R&R (Doc. 52)</u>

The Court will now consider Plaintiff's objections to the Magistrate Judge's November 3, 2025 R&R recommending that Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be denied.

The Magistrate Judge provided a thorough recitation of the factual and procedural background of this case and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. (See Doc. 52, PAGEID 389-391).

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings but must present significant

probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986).

This standard of review remains the same for reviewing cross-motions for summary judgment. *Ohio State Univ. v. Redbubble, Inc*., 989 F.3d 435, 441-42 (6th Cir. 2021) (citing *United States S.E.C. v. Sierra Brokerage Servs., Inc*., 712 F.3d 321, 327 (6th Cir. 2013); *see also Harris v. City of Saginaw, Michigan*, No. 22-1504, 2023 WL 2569495, at *3 (6th Cir. Mar. 20, 2023) ("The district court correctly emphasized the hat switch courts perform when evaluating cross motions for summary judgment: In review of the *defendant's* motion, we accept the *plaintiff's* view of the facts as true and draw all reasonable inferences in favor of the *plaintiff*; in review of the *plaintiff's* motion, we accept the *defendant's* view of the facts as true and draw all reasonable inferences in favor of the *defendant*.") (emphasis in original).

**B. Plaintiff's objections**

As the Magistrate Judge explained on her November 3, 2025 R&R, Plaintiff's remaining claims are that he was "discriminated against at the WCI (Warren Correctional Institution) in job opportunities based on his 'Tourette's and mental disability'" and that he was "denied accommodations at WCI in violation of the Rehabilitation Act." (Doc. 52, PAGEID 389). The Magistrate Judge analyzed these claims under Section 504 of the Rehabilitation Act of 1973, which prohibits public or federally funded entities, including prisons, from discriminating against disabled individuals while operating services or programs. *Finley v. Huss*, 102 F.4th 789, 819-20 (6th Cir. 2024). To present a valid claim, Plaintiff must establish that: (1) he has a "qualifying disability;" (2) he is "otherwise qualified" for a program; and that (3) he "was excluded from participation in, denied the

benefits of, or subjected to discrimination under a program [by reason] of his disability." *Id.* at 820 (citing *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 453 (6th Cir. 2008)). In addition, under the Rehabilitation Act, he must demonstrate "an extra causation requirement," which is "that the discrimination was 'solely' because of his disability." *Id.*

The Magistrate Judge concluded that Plaintiff had failed to demonstrate that there was a genuine issue of material fact regarding whether Plaintiff was disabled under the Act, and even if he had raised a genuine issue of material fact regarding disability status, Plaintiff has not presented evidence creating a genuine issue of material fact as to the causation requirement. (Doc. 52, PAGEID 398).

Plaintiff objects to evidence presented by Defendants indicating that Plaintiff has not been diagnosed with Tourette's. However, as part of the Magistrate Judge's analysis, the Magistrate Judge explained that there is no requirement that there be a formal diagnosis to establish the disability prong of the Rehabilitation Act; and in any event, Plaintiff's medical records raise an issue of fact on the existence of a mental health impairment. (Doc. 52, PAGEID 397) (citing evidence stating that Plaintiff was "on mental health caseload)). Therefore, Plaintiff's objection on this point is not well-taken and is OVERRULED.

With regard to an accommodation, Plaintiff argues that Defendant can make available accommodations such as a single-person cell assignment, contacts and a lower bunk restriction. However, as the Magistrate Judge explained, even if Plaintiff was able to demonstrate that Defendant denied him these accommodations, he has not raised a genuine issue of material fact that it was "'solely' because off his disability." *Finley*, 102 F.4th at 820. Therefore, Plaintiff's objection on this point is OVERRULED; and this Court

finds no error in the Magistrate Judge's recommendation that this Court grant Defendant's Motion for Summary Judgment on Plaintiff's claim based on a failure to accommodate under the Rehabilitation Act.

Finally, Plaintiff again argues—as he did before the Magistrate Judge—that other inmates who were convicted for committing violent crimes have been given jobs. However, as the Magistrate Judge explained, Defendant's proffered legitimate reason for its job-assignment decision was based on Plaintiff's discipline for his institutional conduct, not his prior convictions. Plaintiff points out that his discipline was because he suffers from Tourette syndrome. Nevertheless, as the Magistrate Judge explained, there is evidence in the record that Plaintiff's particular discipline history would disqualify him working in "sensitive areas" of the Institution; and job assignments are decided by a committee and are not guaranteed to any incarcerated person. (See Doc. 38-2, Jon Ledford Decl., PAGEID 308). Accordingly, the Court finds no error in the Magistrate Judge's recommendation that this Court grant Defendant's Motion for Summary Judgment on Plaintiff's claim of intentional discrimination under the Rehabilitation Act.

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's November 3, 2025 R&R (Doc. 52) and February 3, 2026 R&R (Doc. 65) to be thorough, well-reasoned, and correct. It is hereby **ORDERED** that:

1. The Magistrate Judge's February 3, 2026 Order and R&R (Doc. 65) is **ADOPTED** in its entirety;
    a. Plaintiff's Motion to Reconsider (Doc. 60) is **DENIED as MOOT**;
    b. This Court's prior Order (Doc. 55) is **VACATED;**
    c. Plaintiff's objections to the Magistrate Judge's order denying as moot Plaintiff's motion to "open discovery for his Rule 59 motion, summary

judgment responses, and opposition to magistrate[']s ruling" (Doc. 62) are **OVERRULED**;

2. Upon considering Plaintiff's timely objections, the Magistrate Judge's November 3, 2025 R&R (Doc. 52) is **ADOPTED** in its entirety;

    a. Plaintiff's Motion for Summary Judgment (Doc. 29) is **DENIED**;

    b. Defendant's Motion for Summary Judgment (Doc. 38) is **GRANTED**; and

3. This matter be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge